UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| WENDY SIMMONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:06-CV-139-C |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff Wendy Simmons seeks judicial review of a decision of the Commissioner of Social Security denying her application for Supplemental Security Income (SSI). The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this case to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment. This court has reviewed the administrative record and the arguments of the parties under the standard set forth under 42 U.S.C. § 405(g) and has determined that the Commissioner's decision is not supported by substantial evidence and should be reversed and remanded for further administrative proceedings.

**I.     Discussion**

The relevant time period for Simmons' claim in this case began February 11, 2003, and ended March 23, 2004. (Tr. 18.) After the Administrative Law Judge (ALJ) denied Simmons' claim in this case on March 23, 2004, it was determined on April 1, 2004, in a

subsequent claim, that Simmons was disabled. (Pl.'s Ex. A.) During the thirteen months relative to the application at issue in this case, diagnostic testing showed that Simmons suffered chronic pancreatitis, was hospitalized twice for chest pains, and underwent a left heart catheterization and coronary angiography. (Tr. 178, 304, 307-08, 310-13, 315-19.) During this time Simmons' primary care physician, Damon Hill, Jr., M.D., also treated her for symptoms caused by insulin-dependent diabetes mellitus. (Tr. 357, 360, 363, 366, 377.)

The ALJ determined that Simmons was not disabled during the relevant time period because she retained the capacity to perform the full range of sedentary work despite her impairments. (Tr. 23.) Simmons contends the ALJ's credibility determination is flawed and not supported by substantial evidence. She argues in part that the ALJ failed to consider evidence regarding her peripheral neuropathy, including records from Dr. Hill regarding her complaints of pain and problems with ambulation.

The ALJ must determine the truthfulness and reliability of the claimant's subjective complaints and "indicate the credibility choices made and the basis for those choices." *Scharlow v. Schweiker*, 655 F.2d 645, 648-49 (5th Cir. 1981). This standard requires that the ALJ weigh the objective medical evidence and assign articulated reasons for discrediting the claimant's subjective complaints. *Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir. 1988) (citation omitted). On the other hand, the court's role in a Social Security appeal is to determine whether the Commissioner's decision is supported by substantial evidence and whether proper legal standards were used to evaluate the evidence. 42 U.S.C. § 405(g); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002) (citing *Brown v. Apfel*, 192 F.3d 492,

496 (5th Cir. 1999)). The substantial evidence standard requires more than a "simple search of the record for isolated bits of evidence" that would support the Commissioner's decision; the record must be considered as a whole. *Singletary v. Bowen*, 798 F.2d 818, 822-23 (5th Cir. 1986) (citation omitted). Accordingly, a court must "take into account whatever in the record fairly detracts" from the supporting evidence. *Id*. (quotation omitted).

In his assessment of Simmons' credibility, the ALJ noted that Simmons was using a cane at the hearing and stated in part that there was no medical evidence "substantiating the need for such device" and noted that a report from consulting physician, Walter Hyde, M.D., indicated that there was no medical cause for Simmons' complaints of back pain, hip pain, and bilateral leg pain. (Tr. 22.) This was incorrect. The evidence shows that Simmons suffers from insulin-dependent diabetes mellitus and related peripheral neuropathy that is described as "severe." (*See, e.g.,* Tr. 213, 226, 380.) During the time period relevant to the claim at issue, Simmons was treated and examined by Dr. Hill on an almost monthly basis. (Tr. 345-83.) During that time Dr. Hill treated Simmons for complications related to peripheral neuropathy that caused a number of conditions in her lower extremities, including recurrent multiple lesions on both her legs and conditions that caused multiple falls including a "flare-up" in peripheral neuropathy; weakness in her right leg; plexus neuropathy in her right hip; and loss of sensation in her right leg. (Tr. 348, 351, 357, 360, 363, 377-80.) In addition, although Dr. Hyde, the consulting physician, did not diagnose Simmons with peripheral neuropathy or refer her to testing, he indicated that she suffered from muscle weakness and paresthesias and reported that she stood and walked "with some difficulty,"

3

had "generally weak legs," and had experienced multiple falling spells because her legs would not support her. (Tr. 132-33).

Although the examination note from Dr. Hyde was in the record before the ALJ, the examination and treatment notes generated during the relevant time period by Dr. Hill were not. The evidence from Dr. Hill was, however, in the record before the Appeals Council. (Tr. 2-2A, 6.) Evidence submitted for the first time to the Appeals Council is part of the record subject to judicial review. *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). The evidence from Dr. Hill detracts from the evidence that might otherwise support the ALJ's assessment of Simmons' credibility. In addition, the evidence from Dr. Hill might have impacted upon the ALJ's assessment of Dr. Hill's opinions. The ALJ rejected a statement from Dr. Hill in which the doctor indicated his belief that Simmons was disabled because of diabetes mellitus with complications of severe neuropathy, coronary artery disease, and chronic pancreatitis. (Tr. 20, 263.) The ALJ noted that the statement from Dr. Hill was made in December 2003 and rejected the opinion on grounds that it was not substantiated by any objective medical findings and because there was no evidence in the record that Dr. Hill had seen or examined Simmons in over one year before he drafted the statement. (Tr. 20.) This was incorrect. The evidence from Dr. Hill contains objective medical evidence regarding Simmons' condition and demonstrates that Dr. Hill provided medical treatment for Simmons from 1996 to 2004 and on an ongoing and regular basis during the time period relevant to Simmons' claim and had examined her on the date he wrote the opinion the ALJ rejected. (Tr. 336-541, 351; *see* Tr. 345-83.)

## II. **Recommendation**

Based on the foregoing, this court recommends that the United States District Court reverse the Commissioner's decision and remand Simmons' case for further administrative proceedings.

## III. **Right to Object**

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: January 29, 2007.

/s/ Nancy M. Koenig
NANCY M. KOENIG
United States Magistrate Judge